Michael A. **ORLANDO**, Appellant,

v.

BALTIMORE & OHIO RAILROAD COMPANY, Pittsburgh, Pennsylvania,

Association of American Railroads, Pennsylvania Station, Pittsburgh, Pennsylvania.

No. 19514.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) on Dec. 2, 1971.

Decided Feb. 4, 1972.

———◆———

Merle H. Hildebrand, New Castle, Pa., for appellant.

Edward V. Buckley, Jr., Mercer & Buckley, Pittsburgh, Pa., for appellee, Baltimore and Ohio Railroad Co.

David McNeil Olds, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee, Assn. of American Railroads (J. Sherman McLaughlin, John McN. Cramer, Pittsburgh, Pa., on the brief).

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from the Order of the District Court granting the defendants' motions for summary judgment in their favor in the plaintiff's Civil Rights action filed April 7, 1969.[1] The premise of the plaintiff's claim is that "he was taken out of service" of the defendant Baltimore & Ohio Railroad Company ("B & O") in July 1961, after his prior 20-year employment, following investigation of tortiously-conceived charges that he had engaged in solicitation of personal injuries claims against the B & O.

The District Court premised its Order on its view that (1) the plaintiff's action was barred by the applicable Pennsylvania Statutes of Limitations; and (2) the alleged wrongful conduct of the defendant was not "under color of state law," in the sense used in the civil rights statutes.

1. Jurisdiction was premised on 28 U.S.C.A. §§ 1331, 1343; and 42 U.S.C.A. §§ 1983, 1985.

2. 12 P.S. §§ 32, 51.

3. 12 P.S. § 34.

The Complaint here charged the defendants with slander, libel and malicious prosecution, and wrongful deprivation of rights which caused him "pain and anguish", "loss of reputation" and monetary damages. The Pennsylvania Statutes of Limitations provide that actions for slander, libel and malicious prosecution must be brought within one year,[2] and that the actions for the remaining alleged tortious acts must be brought within two years.[3] The District Court correctly held that the Pennsylvania Statutes of Limitations were applicable here and the instant action was accordingly barred since it was brought almost eight years after the alleged wrongs were committed.

Our conclusion in this respect makes it unnecessary to consider the other ground assigned by the District Court for its Order, viz., that the alleged wrongs were not committed "under color of state law."

The Order of the District Court will be affirmed.